In the Matter of the Petition of ULRICA GARGIULO to Render and Settle Her Account as Administratrix with the Will Annexed, and as Substituted Trustee of the Last Will and Testament of RAFFAELE GARGIULO, Deceased. ULRICA GARGIULO, Administratrix c. t. a. and Substituted Trustee, etc., of RAFFAELE GARCIULO, Deceased, Appellant; SILVIO GARGIULO, DANTE GARGIULO, FILOMENA CIFALDI and ANGELA RASIS, Respondents.— Order of the Surrogate's Court of Kings county in so far as it grants leave to file objections to the second supplemental account of the administratrix affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

In the Matter of the Application of ARTHUR E. KING, CHARLES GARBARINO, CHARLES BOOS and JAMAICA AVENUE AND ONE HUNDRED AND THIRTY-EIGHTH PLACE CORPORATION, Appellants, DICKEL CONSTRUCTION COMPANY, Petitioner, for a Certiorari Order against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals, Defendants, and KARIENE BURKE, Intervenor-Respondent.— Order limiting the certiorari proceeding to a review of a hearing before the board of standards and appeals of the city of New York on the 19th day of July, 1935, and to the action of the board in modifying the conditions previously imposed upon the granting of a variance affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

ALIDA LOUISE LANGE and DOROTHY JOSEPHINE LANGE, Both Infants over the Age of Fourteen Years, by Their Guardian ad Litem, JOSEPHINE LANGE, Respondents, v. MILDRED C. JOHNSTON, Appellant.— Order denying defendant's motions to strike out plaintiffs' reply and grant judgment on the pleadings and to dismiss the amended complaint and grant summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

MIECZYSLAW PRUSZYNSKI and Others, Appellants, v. NOWY SWIAT PUBLISHING Co., INC., and Others, Respondents.— Judgment dismissing the plaintiffs' complaint on the merits in an action to recover damages alleged to have been sustained by reason of fraudulent misrepresentations in the purchase and sale of bonds, and order denying plaintiffs' motion for a new trial, reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion, the plaintiffs made an ample *prima facie* showing of fraud and deceit. We are further of opinion that it was error to exclude the trial balance sheet which indicated on its face that the defendant Kresse Holding Corporation was insolvent. In view of the fact that from the proof adduced by the plaintiffs a jury could find that the mortgage security was without value to these bondholders and that the obligor was insolvent, as shown by its trial balance of 1930, it was incumbent upon the defendants to adduce proof to the contrary. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.